IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES, § | | |
|     Plaintiff/Respondent, § | | |
| § | | |
| v. § | Criminal No. C-04-419-4 | |
| § | (Civil No. C-14-446) | |
| MARGARITO BENITEZ-SALAZAR, § | | |
|     Defendant/Movant. § | | |

## MEMORANDUM, OPINION & ORDER

Defendant/Movant Margarito Benitez-Salazar (Benitez-Salazar) filed a motion to vacate, set aside, or correct sentence, which the Clerk received on November 3, 2014. D.E. 119. The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2014) (2255 RULES).

### I.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### II.  PROCEDURAL HISTORY

In 2004, Benitez-Salazar pled guilty to aiding and abetting the transportation of an unlawful alien within the United States in violation of 8 U.S.C. § 1324(a). He was sentenced to 12 months in the Bureau of Prisons (BOP), to be followed by three years supervised release. D.E. 74. In 2008, Benitez-Salazar's supervised release was revoked for several law violations, including illegal reentry. He was separately prosecuted for his illegal reentry in Cause No. 2:08-CR-175. For violating the terms of his supervised release, Benitez-Salazar was sentenced to four months further imprisonment in the BOP and another 32 months of supervised release. His sentence of

imprisonment was to be served consecutively to his imprisonment for illegal reentry. D.E. 92. Benitez-Salazar appealed from the revocation of his supervised release, but the Fifth Circuit Court of Appeals affirmed his sentence. *United States v. Benitez-Salazar*, No. 08-40725 (5th Cir. Apr. 30, 2009) (per curiam) (designated unpublished).

In April 2013, the Probation Department again sought to revoke Benitez-Salazar's supervised release on the grounds that he committed the law violation of illegal reentry in March 2013. D.E. 110. He was alleged to have committed an additional illegal reentry on June 4, 2013. D.E. 115. Benitez-Salazar pled true to the law violations, and his supervision was revoked in November 2013. He was sentenced to eight months in the BOP for violation of the terms of his supervised release, to run concurrently with the term imposed for violation of the terms of his supervised release in 2:08-CR-175 and consecutive to his sentence for illegal reentry in 2:13-CR-562. No further term of supervised release was imposed. D.E. 118. Benitez-Salazar did not appeal, but filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### III. MOVANT'S CLAIMS

Benitez-Salazar complains that his rights to equal protection and pursuant to the Equal Rights Act are abridged by the conditions under which he is held because deportable aliens are not afforded access to programs that would enable them to earn time credit off their sentences. In addition, he claims a violation of his right to due process because his right to avoid self incrimination was violated.

### IV. ANALYSIS

2

**A.      Construction of Claims**

Benitez-Salazar is *pro se* in this matter. As a general proposition, review of the merits of a federal prisoner's claim is not circumscribed by the label attached. *Andrews v. United States*, 373 U.S. 334, 337 (1963). Because the essence of the pleading controls, titling and erroneous citation of authority have been ignored. *United States v. Hay*, 702 F.2d 572 (5th Cir. 1983). Moreover, *pro se* pleadings are to be construed liberally. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

Although Benitez-Salazar filed a motion pursuant to § 2255, he does not assert claims cognizable under § 2255. He claims that as a deportable alien he is treated differently by the BOP than United States citizens because he is ineligible for certain placements and programs. The relief he seeks is unclear.

To the extent Benitez-Salazar's motion can be construed as a challenge to his sentence, this Court has authority to consider it. To the extent it is properly construed as a challenge to the BOP's computation or carrying out of his sentence, the claims are more properly brought in a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."). Notably, such a petition should be brought in the district where a prisoner is incarcerated. *See Id.* (§ 2241 motions should be brought in the district where the petitioner is incarcerated). According to his motion, Benitez-Salazar is incarcerated in Washington, Mississippi and not within the Southern District of Texas. Thus, to the extent Benitez-Salazar is challenging the BOP's computation of his sentence or the manner in which it is being carried out, he should file a § 2241 petition in the proper court.

The Court construes Benitez-Salazar's complaints as to the BOP's denial of certain programs and placements to deportable aliens to be a complaint that is more properly brought pursuant to 28 U.S.C. § 2241 because those complaints do not address matters that arose during his criminal prosecution or his subsequent revocations for violation of the terms of his supervised release.

**B.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**C.    Violation of Right to Remain Silent**

Although Benitez-Salazar argues that his right to avoid self-incrimination was violated, he does not state how it was violated, nor when or by whom. As a result, his claim is conclusory and may not be considered. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *see also United States v. Jones*, 614 F.2d 80 (5th Cir. 1980) (failure of movant to state specific facts "is insufficient to state a constitutional claim."). Summary dismissal is appropriate for Benitez-Salazar's claim that his right against self-incrimination was violated.

**V.    CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Benitez-Salazar has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Benitez-Salazar is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

5

## VI.  CONCLUSION

For the foregoing reasons, Benitez-Salazar's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 119) is **DENIED** with prejudice pursuant to Rule 4(b) as to his claim that his right to remain silent was violated and he is **DENIED** a Certificate of Appealability. Benitez-Salazar's remaining claims are dismissed without prejudice to the filing of a § 2241 petition in the appropriate venue. *See Pack*, 218 F.3d at 455 (dismissal without prejudice appropriate when motion should have been filed as § 2241).

It is so **ORDERED.**

**SIGNED** on this 10th day of February, 2015.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE